OPINION
{¶ 1} Defendant-appellant Kevin E. Bailey ("Bailey") brings this appeal from the judgment of the Marysville Municipal Court finding Bailey guilty of driving an overweight vehicle.
 {¶ 2} On September 16, 2004, Bailey was stopped by a highway patrol officer who believed the vehicle appeared to be over weight limits. The officer checked the weight slip and believed the amount shown exceeded the weight limit. Bailey stipulated that the truck weighed the amount listed on the slip. The officer then cited Bailey for a violation of R.C. 5577.04(D).
 {¶ 3} On January 3, 2005, a bench trial was held on the matter. At the close of the State's case-in-chief, Bailey moved for a dismissal pursuant to Crim.R. 29. The trial court ordered the two sides to brief the legal issue raised and continued the trial until a later date. On February 18, 2005, after counsels' briefs were filed, the trial court entered judgment finding Bailey guilty and ordering him to pay a fine of $700.00 and court costs of $61.00. However, the trial had never been resumed. On June 13, 2005, the trial court held a sentencing hearing.[1] At that time, the trial court ordered Bailey to pay a fine of $648.40 together with court costs. Bailey appeals from this judgment and enters the following assignments of error.
The finding that [Bailey] was guilty of violating [R.C.5577.04] was against the substantial weight of the evidence.
 The lower court case was procedurally defective.
 {¶ 4} In the second assignment of error, Bailey claimed that the trial had procedural defects. The defect of which Bailey complains is that the defense was never permitted an opportunity to present a defense. The State's answer to the error alleged is that "[i]t was understood that the case was completed pending the briefs." Appellee's brief, 7.
 {¶ 5} A review of the record reveals the following dialogue at the trial after the State had rested.
Mr. Parsons: Your Honor, we would move for an acquittal underRule 29. If the court looks at the statute, 5577.04, that Mr.Bailey was cited under, the citation does not indicate whichsection he was cited under. But from the officer's testimony andthe number used on the calculations on the ticket, he usedSection B, which specifically states that the weight of the limitand the load imposed upon a road service that is not — that ispart of the interstate system and then it has a formula tocalculate the load. It's our position that 36 is not part of theinterstate system. I believe the definition under the statute forinterstate is limited access highway, such [as] I-71, I-90. 36 isnot a limited access highway. And I believe that that means it'snot part of the interstate system. Additionally, Section I saysthat between Section B and D the defendant has to be given thebenefit of the doubt. Which ever one creates a bigger weightlimit is what we use here. The formula under D specificallyprovides that you have to know how much space is between eachsuccessive axle. And the officer testified that he didn't measurethose distances. Therefore, I'm not sure how we can evercalculate how much weight Mr. Bailey was allowed to have under D.And I think that's an element that the State has to prove. In thecase of State versus Gribble, the Ohio Supreme Court, the cite is24 Ohio State 2d 85, held that to establish a prima facia case ofthe charge of violation of paragraph D of this section, the Statehas to prove — has to offer the proof of axle spacing on thealleged vehicle, and that didn't happen here. And therefore, wedon't think the State's met its burden and we ask that you findthe defendant not guilty.
* * *
Mr. Eufinger: Your Honor, with regard to the argument aboutthe spacing, we also have a case, a Fifth Appellate Districtcase, 1996 Ohio Appellate Lexis 3723, out of Ashland County thatindicates that you can rely on the, in this case, the waiver ofgross weight as shown by the —
 The Court: What I'm going to do, I'm not going to make adecision today. I'm going to order that the Prosecutor is to filea brief and the defendant also —
 Mr. Eufinger: Thank you, your Honor.
 The Court: — File a brief. The brief from the Prosecution'sdue on January the 11th, '05. And the reply brief will be dueon the 18th. So the case will be continued.
 Mr. Eufinger: Thank you, your Honor.
 The Court: Thank you.
 Mr. Parsons: Thank you, your Honor.
Trial Transcript 16-18. At no time was a discussion held on the record concerning Bailey's desire to waive his right to present a defense. He did not rest his case on the record and did not renew his Crim.R. 29 motion at the end of his case. Since no statements occur on the record, this court must presume that no such discussion occurred. Thus, Bailey was clearly denied an opportunity to present evidence in defense before the trial court entered a ruling of guilty. This violates Bailey's federal and state constitutional due process rights as well as his statutory rights. See the Constitution of the United States, 5th and 6th Amendments, R.C. 2315.01, R.C. 2945.10, and R.C. 2938.11. Therefore, the second assignment of error is sustained.
 {¶ 6} In the first assignment of error, Bailey claims that the trial court erred in denying his motion for acquittal pursuant to Crim.R. 29. The trial court never entered a judgment on the motion. Instead, it entered a finding of guilt based upon the briefs concerning the motion. Although the trial court can continue the case for arguments on the motion, the trial court may not reserve a ruling on a motion for judgment of acquittal made at the close of the State's case. Crim.R. 29. If the trial court had properly ruled on the motion, Bailey would have had the opportunity to present a defense. Bailey then would have been required to renew the motion at the close of his case so that the trial court could reconsider its judgment in light of the additional evidence. Since Bailey was never given the opportunity to present a defense, he was not able to renew his motion and give the trial court a renewed opportunity to consider it and any new evidence presented. Thus, the issue of the trial court's ruling on the motion is not ripe for review and the first assignment of error is moot at this time.
 {¶ 7} The judgment of the Marysville Municipal Court is reversed and the matter is remanded for a new trial.
Judgment reversed and cause remanded.
 Cupp, P.J., and Rogers, J., concur.
[1] This court notes that the sentencing hearing was the result of a "show cause" motion to have Bailey explain why he had not paid the fine previously ordered.